IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| O.C. Mouzon, #178846, ) | Civil Action No.: 3:09-2253-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is now before the court with the [Docket Entry 18] Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey[1] filed on March 5, 2010. In his Report, the Magistrate Judge reviewed Respondent's [Docket Entry 13] Motion for Summary Judgment and recommended that the court should grant Respondent's motion. Petitioner did not file objections to the Magistrate Judge's Report.[2]

**Procedural Background**

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at Broad River Correctional Institution in Columbia, South Carolina.

Petitioner filed this suit in August of 2009. Respondent filed his motion for summary judgment, along with a return and memorandum, on December 18, 2009. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C.

[2] The court notes that Petitioner did file a handwritten document that was docketed as objections to the Report on March 15, 2010. *See* [Docket Entry 20]. However, for reasons set out below, this document cannot be construed as objections to the Magistrate Judge's Report. *See infra* note 4.

(4th Cir. 1975), on December 21, 2009, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner subsequently responded to motion for summary judgment on February 16, 2010.

The Magistrate Judge entered his Report and Recommendation on March 5, 2010. Petitioner has not filed any objections to the Report. This is how the case now stands before the court.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

As an initial matter, the court notes that Respondent argued in his motion for summary judgment that Petitioner's claim in this habeas petition is procedurally barred. The Magistrate Judge disagreed, and ultimately considered the merits of Petitioner's claim. Respondent has not filed objections to the Magistrate Judge's Report. Accordingly, the court has reviewed the record for clear error, and finds none. *See Diamond*, 416 F.3d at 315. Therefore, the court adopts the Magistrate Judge's finding that Petitioner's claim was not procedurally barred.

In his habeas petition, Petitioner alleged ineffective assistance of counsel as his ground for relief. Petition [Docket Entry 1] at 5. He stated the following as supporting facts: "Counsel failed to advise petitioner of [] promise [that if he pled guilty], petitioner would receive a lesser sentence. (6th) [Amendment] and fifth (5th) Amendment." *Id.* Upon review, the Magistrate Judge determined that Petitioner had not shown that the state court's ruling was contrary to, or a misapplication of, the *Strickland*[3] standard, and therefore the Magistrate Judge recommended that the court should grant Respondent's motion for summary judgment. Report at 11. Petitioner has not filed any objections to this recommendation.[4] Accordingly, the court has reviewed the

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984) (setting forth the two factors that must be considered in evaluating claims of ineffective assistance of counsel).

[4] A review of the docket reveals an entry labeled "Objection to [18] Report and Recommendations by O. C. Mouzon." [Docket Entry 20]. However, it does not appear to the court that the handwritten document is actually objections to the Magistrate Judge's Report. Rather, it appears to be nothing more than a standard pleading document. Petitioner captioned the document with the heading "Traverse." *Id.* at 1. The document next states the following: "Petitioner by this Traverse object or *responds to the allegations of Respondent[']s answer* to the writ of habeas corpus in the above entitled proceedings[.]" *Id.* (emphasis added). Then Petitioner proceeds to admit or deny the individual allegations he alleges are in Respondent's answer, although the court further notes that Respondent has not filed an answer in this case. Finally, nowhere in the document does Petitioner attempt to object to the Magistrate Judge's Report, much less even mention the Report. Accordingly, the court cannot construe the document, [Docket Entry 20], to be objections to the Magistrate Judge's Report. Therefore, the court concludes that Petitioner has failed to file any objections to the Report in this matter.

record for clear error, and finds none. *See Diamond*, 416 F.3d at 315. Therefore, the court adopts the Magistrate Judge's recommendation that Respondent's motion for summary judgment should be granted.

### Conclusion

The court has thoroughly reviewed the Report, record, and applicable law. For the reasons stated above, the court hereby adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment is **GRANTED**, and the petition in this case is **DISMISSED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 7, 2010
Florence, South Carolina